**In the**
**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| NATIONAL ASS'N OF BROADCASTERS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v.   ) | No. 12-1225 |
| ) | |
| FEDERAL COMMUNICATIONS COMMISSION ) | |
| AND THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondents ) | |

## STATUS REPORT

Respondent Federal Communications Commission submits this Status Report pursuant to the Court's order of February 12, 2013 granting petitioner's motion to hold the captioned case in abeyance.

### *BACKGROUND*

Television broadcast stations are required to maintain a "local public inspection file" that contains a variety of materials relevant to stations' performance of their public interest responsibilities. *See* 47 C.F.R. §§73.3526; 73.3527. Among the materials required to be included as part of the public file is a "political file" that provides information about requests by political candidates and other political advertisers to purchase television advertising time, including the station's disposition of each request and the rate charged for the broadcast time. *See* 47 U.S.C. § 315(e); 47 C.F.R. §§ 73.1943; 73.3526(e)(6); 73.3527(e)(5).

For many years, the FCC has required that these files be made publicly available for in-person inspection at the station during regular business hours. In the order under review, the FCC required approximately 200 television stations – those that are affiliated with one of the top four national television broadcast networks (ABC, NBC, CBS, or Fox) and licensed to serve communities in the top 50 Designated Market Areas – to post new additions to their political files to an FCC-hosted website. *See Standardized and Enhanced Disclosure Requirements for Television Broadcast Licensee Public Interest Obligations*, 27 FCC Rcd 4535 (2012)("Order"). The FCC exempted other television stations from this requirement until July 1, 2014, and announced that no later than July 1, 2013, it would seek public comment on "the impact of moving online the political files for these 200 stations, to enable us to consider whether any changes should be made before the requirement takes effect for the other stations." *Order* ¶33.

A group of large television station owners filed a petition for reconsideration with the FCC with respect to the requirement that political file information be posted, urging the agency to modify the *Order* so that stations are required only to post the aggregate total number of dollars spent by each candidate or other political advertiser.

Petitioner National Association of Broadcasters (NAB) sought an emergency stay of the *Order* from the FCC and this Court, alleging that requiring television stations to post this already publicly available information to a public website would cause competitive harm and place NAB's members at a disadvantage to

2

non-broadcast competitors who are not required to post such information on the Internet. Both the FCC and this Court denied NAB's motions for a stay.[1] The *Order* took effect on August 2, 2012.

On September 17, 2012, NAB filed an unopposed motion to defer the due date of its opening brief from October 4, 2012 to February 15, 2013. NAB explained that this deferral would provide the parties with an opportunity to observe the effects of the new rule during the 2012 elections and would also provide the FCC with additional time to consider the alternative offered by the parties seeking reconsideration before the agency. The Court granted the motion and issued a revised briefing schedule.

On January 18, 2013, NAB filed an unopposed motion to hold further proceedings in this case in abeyance pending (1) FCC action on the petition for reconsideration that is pending before it and (2) the agency's plan to open a notice and comment period concerning these rules, no later than July 1, 2013, to consider whether changes might be warranted to these requirements in light of experience. *Order* ¶¶33, 49. The Court granted petitioner's motion in an order of February 12, 2013.

---

[1] *Standardized and Enhanced Disclosure Requirements for Television Broadcast Licensee Public Interest Obligations*, 27 FCC Rcd 7683 (2012); *Order*, *National Ass'n of Broadcasters v. FCC*, No. 12-1225 (D.C. Cir., July 27, 2012).

3

## *DISCUSSION*

The petition for reconsideration by the group of television station owners is currently pending before the Commission. On August 7, 2014, the Commission's Media Bureau issued a public notice seeking comments on a rule making petition that proposes to expand the online public file requirement to multichannel video programming distributors. In addition the notice sought comment on whether the requirement also should be extended to radio stations. *See* PUBLIC NOTICE, *Media Bureau Seeks Comment On Petition For Rulemaking Filed By The Campaign Legal Center, Common Cause And The Sunlight Foundation Seeking Expansion Of Online Public File Obligations To Cable And Satellite TV Operators*, 29 FCC Rcd 9556 (2014). The comment cycle on that notice concluded in September 2014.

        Respectfully submitted,

        Jacob M. Lewis
        Associate General Counsel

          */s/ C. Grey Pash, Jr.*

        C. Grey Pash, Jr.
        Counsel

        Federal Communications Commission
        Washington, D. C.  20554
        (202) 418-1751

November 10, 2014

12-1225

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

**National Association of Broadcasters, Petitioners**

**v.**

**Federal Communications Commission and the
United States of America, Respondents**

## CERTIFICATE OF SERVICE

I, C. Grey Pash, Jr., hereby certify that on November 10, 2014, I electronically filed the foregoing Status Report with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

| | |
|---|---|
| Robert A. Long, Jr.<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004-2401<br>*Counsel for:   NAB* | Matthew F. Wood<br>Free Press<br>1025 Connecticut Ave., N.W.<br>Suite 1110<br>Washington, D.C. 20036<br>*Counsel for: Free Press* |
| Robert J. Wiggers<br>Kristen C. Limarzi<br>U.S. Department of Justice<br>Antitrust Division, Appellate Section<br>Room 3224<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20530-0001<br>*Counsel for:  USA* | Angela Campbell<br>Institute for Public Representation<br>Georgetown University Law Center<br>600 New Jersey Avenue, N.W.<br>Washington, D.C. 20001<br>*Counsel for Benton Foundation,<br>Campaign Legal Center, et al.* |

/s/ C. Grey Pash, Jr.